UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| IN RE:<br><br>SAVANNAH OUTLET SHOPPES, LLC,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 10-42135 |

**AMENDED MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND PROVIDING ADEQUATE PROTECTION**

**COMES NOW** SAVANNAH OUTLET SHOPPES, LLC, debtor and debtor-in-possession, ("Debtor") and files this Motion for Order Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363, showing the Court the following:

**JURISDICTION & VENUE**

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

1.

Debtor filed a voluntary petition for relief under chapter 11 of the U.S. Bankruptcy Code on October 4, 2010 (the "Petition Date")[1]. Debtor is operating its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

---

[1] The relief requested herein is sought at this early stage of the case because relief at this time is necessary to avoid immediate and irreparable harm to the Debtor and its Estate. See Fed. R. Bankr. P. 6003.

2.

Debtor is a Georgia limited liability company with its principal place of business located at 11 Gateway Boulevard South, Savannah, Georgia.

3.

Debtor owns and operates a business related to the management and leasing of a commercial shopping center located in Savannah, Georgia (the "Business").

4.

Comm 2006-C8 Gateway Boulevard Limited Partnership ("Lender 1") is Debtor's senior secured creditor[2]. In conjunction with such financing arrangement, Debtor granted Lender 1's predecessor-in-interest a first priority perfected secured interest in and to, *inter alia*, Debtor's real property and the proceeds related thereto including rents (the "Collateral") to secure a debt with a present balance of approximately $10,134,000.00.

5.

Debtor's real property is also encumbered by a second priority Deed to Secure Debt which is being serviced by Wells Fargo Commercial Mortgage Servicing ("Lender 2" and together with Lender 1, "the Lenders"), securing a debt of approximately $600,000.00.

6.

The proceeds of Debtor's real property, including rents, may constitute "cash collateral" of Lenders. See 11 U.S.C. §363(a).

7.

The use of rents by Debtor is critically needed for Debtor to meet the ordinary

---

[2] Lender 1's master servicing agent is Midland Loan Servicing, Inc.; its special servicing agent is LNR Partners.

operating expenses and to continue the business operations of Debtor. Debtor's ordinary expenses include without limitation utilities, insurance, maintenance, repairs, and taxes. Debtor has no other source of income other than the purported cash collateral. Debtor expects to be able to generate sufficient funds to meet its ordinary operating expenses on a post-petition basis.

## **RELIEF REQUESTED**

8.

Debtor desires to continue the operation of its business, and requests that the Court approve the use of cash collateral in the ordinary course of Debtor's business, provided that the amounts expended do not exceed the budgeted amount by more than ten percent (10%) and no line item exceeds the budgeted amount by more than fifteen percent (15%). Debtor's proposed operating budget is attached hereto as Exhibit "A."

9.

Allowing Debtor to use cash collateral will minimize disruption of Debtor as a going concern, will increase the possibility for a successful reorganization, and is in the best interest of the Estate and its creditors. Allowing Debtor to use cash collateral is necessary to avoid immediate and irreparable harm to Debtor's estate.

10.

The value of Lender's Collateral approximates or exceeds the amount of the total debt (i.e. $10,734,000.00) owed by Debtor to Lender 1 and Lender 2. Debtor, with the use of cash collateral, will continue to maintain the Collateral post-petition, including the maintenance of insurance on the Collateral. Therefore, Debtor does not anticipate that the value of the Collateral will decrease from its current value. Moreover, Debtor proposes to

provide as adequate protection $28,400.00 per month to Lender 1 and $6,600.00 per month to Lender 2 (the "Adequate Protection Payments")[3]. Said maintenance of the value of the Collateral and the payment of the Adequate Protection Payments constitute adequate protection to the Lenders. Due to the proposed adequate protection, Lenders' positions are not jeopardized by Debtor's use of the Collateral in accordance with its proposed operating budget. To the extent it utilizes Lenders' cash collateral, Debtor proposes to grant to Lenders a replacement liens on all property of Debtor and the Estate, of the same kind, and to the extent and priority as existed prior to the Petition Date.

## REQUEST FOR EMERGENCY PRELIMINARY HEARING

11.

Debtor requests that the Court set this Motion on an emergency basis, for a preliminary hearing, as Debtor cannot operate its business without utilizing funds that may constitute cash collateral of Lenders.

## NOTICE

12.

This Motion has been served on the Internal Revenue Service, the United States

---

[3] Upon information and belief, Lender 1 had not remitted the annual insurance premium due to Central Insurance Companies ("CIC") for property and liability coverage as of October 4, 2010 despite the fact that Debtor remitted sums monthly for escrow such that the premium could be timely paid. The total amount due, for the period August 16, 2010 through August 16, 2011 is $31,642.00. If Lender 1 has in fact failed to pay, and refuses to pay, the required premium, Debtor will pay same from its October revenues. In that event, the proposed adequate protection to Lender 1 will be $0 for October 2010 (the $28,400.00 which would otherwise be payable to Lender 1 being remitted instead to CIC), and $25,158.00 for November 2010 (deducting from the proposed $28,400.00 monthly adequate protection payment the $3242.00 balance needed to pay the insurance premium in full).

Trustee, counsel for Lender 1, Lender 2, and the twenty (20) largest unsecured creditors of Debtor. Debtor submits that under the circumstances, said notice is sufficient and in compliance with Fed. R. Bankr. P. 4001.

**WHEREFORE,** Debtor respectfully requests that this Court:

(a) schedule a preliminary hearing on its Motion to be held on an emergency basis;

(b) authorize the use of cash collateral on an interim basis subject to a final hearing on the issue, to the extent necessary or as is agreed upon by Debtor and Lenders, in order to avoid immediate and irreparable harm to Debtor;

(c) grant adequate protection to Lenders as set forth herein;

(d) schedule a hearing for entry of a final order authorizing use of cash collateral; and

(e) grant such other and further relief as the Court finds appropriate.

This 4th day of October 2010.

By: /s/ Karen Fagin White
Karen Fagin White
Georgia Bar No. 754450
Anna M. Humnicky
Georgia Bar No. 377850
Mark Bulovic
Georgia Bar No. 094525

**COHEN POLLOCK MERLIN & SMALL, P.C.**
Proposed Co-Counsel to Debtor
3350 Riverwood Parkway, Suite 1600
Atlanta, GA 30339
(770) 858-1288
Fax: (770) 858-1277
kfwhite@cpmas.com
ahumnicky@cpmas.com

**BULOVIC LAW FIRM, LLC**
Proposed Local Co-Counsel to Debtor
1020 Bryan Woods Loop, Suite 5
Savannah, Georgia 31410
(912) 898-5661
Fax: (912) 898-5651
bulovic@comcast.net


612644