IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 10-42135-LWD |
| SAVANNAH OUTLET SHOPPES, LLC, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |

**OBJECTION OF COMM 2006-C8 GATEWAY BOULEVARD
LIMITED PARTNERSHIP TO DEBTOR'S AMENDED MOTION FOR
<u>ORDER AUTHORIZING USE OF CASH COLLATERAL, ETC.</u>**

Comm 2006-C8 Gateway Boulevard Limited Partnership ("Lender") objects on the following grounds to the Debtor's Amended Motion for Order Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Providing Adequate Protection (the "Motion") (Dkt. 7).

A.   <u>BACKGROUND</u>

1. As stated in the Motion, Comm 2006-C8 Gateway Boulevard Limited Partnership ("Lender") is the Debtor's senior secured creditor, and has been granted a first priority perfected security interest in and to, *inter alia,* the Debtor's real property, a commercial shopping center located in Savannah (the "Property"), and the proceeds related thereto, including rents.  (Mot. ¶ 4.)

2. It is undisputed that, prior to the filing of this case, the Debtor defaulted on its obligations to Lender by not making contractual installment payments on the secured

obligations.  Lender had notified Debtor of the default, of the acceleration of the maturity of the debt, and of its intention to foreclose on the first Tuesday in October, 2010.

3. The pre-petition balance due on Lender's secured claim is of October 6, 2010 is $9,525,201.50.  There is a junior secured debt in the principal amount of $600,000.

4. On October 4, 2010, the Debtor filed a petition under Chapter 11 of the Bankruptcy Code.  Since that time, the Debtor has remained in possession of its assets and has continued to operate and manage its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. The Court entered an Interim Order Authorizing Use of Cash Collateral on October 13, 2010 (Dkt. 23) authorizing use of cash collateral to avoid immediate and irreparable harm to the estate pending a final hearing on authority to use cash collateral.

6. No committee of unsecured creditors has been appointed in this case, and the United States Trustee has filed a Statement of Inability to Appoint Committee of Unsecured Creditors (Dkt. 37).

7. The Debtor is a single asset real estate debtor.  11 U.S.C. § 101(51B).

B. GROUNDS FOR OBJECTION

1. Lender objects to any proposed use of cash collateral in a manner that does not enhance or maintain the value of the Property that secures the Debtor's obligations to Lender.  Lender's secured interest in cash collateral is not adequately protected with respect to any such uses.

2. Lender objects to any payment of "management fees" to insiders as proposed in the Debtor's budget. Lender has no objection to payment of on-site property management ("Contracted Payroll") as proposed in the budget at the rate of $5500 per month. Lender has no objection to paying $1500 per month for unaffiliated third party accounting services as proposed, or to paying commissions to unaffiliated real estate brokers. Lender *does* object, however, to additional payments to insiders or their affiliates for purported "management " or for any reason, until the secured obligations are brought current and kept current. Such payments would be improper dividends by an insolvent entity.

The Debtor's Statement of Financial Affairs discloses a pattern of siphoning money from the Property while the obligations to Lender have been in default. In the year preceding the filing of this case, the Debtor paid a total of $179,845 to insiders. (See Ex. A attached hereto.) During the month preceding bankruptcy, the Debtor also paid $141,325 in legal fees—and not to Debtor's bankruptcy counsel—but to counsel for insiders, Robert Knudsen. (See Ex. B attached hereto.)

3. Lender requests adequate protection payments in the amount of full contractual, non-default secured debt service of $63,407.94, in addition to payment of tax and insurance escrows to Lender and the granting of replacement liens encumbering post-petition collateral.

4. Lender further requests adequate protection in the form of a priority administrative claim under Section 507(b) of the Code to the extent of post-petition diminution in value of the pre-petition collateral.

5. Lender objects to any legal fees being reserved in the budget. Payment of Chapter 11 legal fees is of no benefit to the Property or to the Lender. Administrative expenses are subordinate to the Lender's secured interest in the Property. *See General Elec. Credit Corp. v. Levin & Weintraub (In re Flagstaff Foodservice Corp.),* 739 F.2d 73, 75 (2d Cir. 1984).

6. Lender objects to the Debtor's paying insurance premiums directly. Under the terms of the loan documents, an amount for insurance premiums is to be escrowed. (Lender is paying the insurance premium for 2010-11 from the escrow.) The monthly escrow amount should be paid to Lender.

7. Under the terms of the loan documents, an amount for property taxes is to be escrowed as well. The monthly escrow amount should be paid to Lender.

8. No debt service or payment should be made directly to any junior secured lender until the first priority loan is brought current and kept current.

9. The budgeted monthly amount for advertising ($15,111. 58) is excessive.

10. No payments from cash collateral should be made for "travel and entertainment." These are unnecessary and of no benefit to the Property or Lender.

11. The Debtor's proposed 15% leeway on each item in its budget and 10% overall is excessive. The Debtor should not be permitted to exceed any line item by more than 10%.

WHEREFORE Lender requests the Debtor's motion be denied or, alternatively, that the Court order adequate protection of Lender's secured interests pursuant to 11 U.S.C. § 363(e); and such further relief as may be just.


| /s/ Thomas M. Byrne | /s/ Kathleen Horne |
|---|---|
| Thomas M. Byrne (GSB # 101350) | Kathleen Horne (GSB # 367456) |
| SUTHERLAND ASBILL & BRENNAN LLP | INGLESBY, FALLIGANT, HORNE, |
| 999 Peachtree Street, NE | COURINGTON, & CHISHOLM |
| Atlanta, Georgia  30309-3996 | 17 West McDonough Street |
| Phone: 404.853.8026 | Savannah, Georgia  31401 |
| Fax:    404.853.8806 | Phone: 912.232.7000 |
| tom.byrne@sutherland.com | khorne@ifhlaw.com |

Attorneys for Comm 2006-C8 Gateway Boulevard Limited Partnership

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing **Objection of Comm 2006-C8 Gateway Boulevard Limited Partnership to Debtor's Amended Motion for Order Authorizing Use of Cash Collateral, Etc.** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

> Karen Fagin White
> Cohen Pollock Merlin & Small, P.C.
> 3350 Riverwood Parkway
> Suite 1600
> Atlanta, Georgia  30339
> kfwhite@cpmas.com
>
> Mark Bulovic
> Bulovic Law Firm, LLC
> 1020 Bryan Woods Loop, Suite 5
> Savannah, Georgia  31410
> bulovic@comcast.net
>
> Office of the United States Trustee
> 222 West Oglethorpe Avenue
> Room 302
> Savannah, Georgia  31401
> ustp.region21@usdoj.gov

I further certify that I have this day served a true and correct copy of the foregoing document by United States mail, postage prepaid, upon the following non-ECF participant:

> W. Victoria Tumlin
> Office of the Chatham County Tax Commissioner
> P.O. Box 8324
> Savannah, Georgia  31412

This 12th day of November, 2010.

>> */s/ Thomas M. Byrne*
>> Thomas M. Byrne