FILED
at 3 O'clock & 15 min PM
Date 11/19/10

Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10-42135-LWD |
| SAVANNAH OUTLET SHOPPES, LLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| _____ ) | |

## FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

Before the Court is the above-named Debtor's Amended Motion for Order Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Providing Adequate Protection (the "Motion") (Dkt. 7). As stated in the Motion, Comm 2006-C8 Gateway Boulevard Limited Partnership ("**Lender**") is the Debtor's senior secured creditor, and has been granted a first priority perfected security interest in and to, *inter alia,* the Debtor's real property, a commercial shopping center located in Savannah (**the "Property"**), and the proceeds related thereto, including rents. (Mtn. at ¶ 4.) The Court entered an Interim Order Authorizing Use of Cash Collateral on October 13, 2010 (Dkt. 23) authorizing use of cash collateral to avoid immediate and irreparable harm to the estate pending a final hearing on authority to use cash collateral.

In settlement of the Motion, the Debtor and Lender have agreed to the terms of this Order. Lender's Objection (Dkt. 57) is withdrawn without prejudice.

The Debtor and Lender stipulate, and the Court hereby finds, as follows:

    A.    On October 4, 2010 (**the "Petition Date"**), the Debtor filed a petition under chapter 11 of Bankruptcy Code. Since that time, the Debtor has remained

in possession of its assets and has continued to operate and manage its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

  B. No committee of unsecured creditors has been appointed in this case, and the United States Trustee has filed a Statement of Inability to Appoint Committee of Unsecured Creditors (Dkt. 37).

  C. Before the Petition Date, the Debtor entered into a Loan Agreement dated as of September 29, 2006, with General Electric Capital Corporation, as Collateral Agent (and its successors and assigns) for the benefit of the holder or holders of the promissory notes and their respective successors and assigns (**"Loan Agreement"**). The indebtedness incurred pursuant to the Loan Agreement (**"Obligations"**) was evidenced by that certain A Note in the original principal amount of $9,600,000, dated September 29, 2006 (**"A Note"**), and by that certain B Note in the original principal amount of $600,000, dated September 29, 2006 ( **"B Note"**); the A Note and Loan Agreement having been assigned to LaSalle Bank National Association, as Trustee for the Registered Holders of Comm 2006-C8 Commercial Mortgage Pass-Through Certificates, and assigned to Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Comm 2006-C8 Commercial Mortgage Pass-Through Certificates, as further assigned to and now held by Lender. The Obligations are secured by (1) a Deed to Secure Debt and Security Agreement, dated as of September 29, 2006 and filed of record on September 29, 2006 at Clock No. 859064, and recorded in Deed Book 314B, Page 547, and re-filed for record October 13, 2006, as Clock No. 864190, and re-recorded in Deed Book 314V, Page 103, Chatham County, Georgia real property records encumbering the Property; and (2) an Assignment of Leases and Rents, dated as of

2

September 29, 2006 and filed of recorded September 29, 2006 as Clock No. 859067, and recorded in Deed Book 314B, Page 572, Chatham County, Georgia real property records. The collateral securing the Obligations is referred to herein as the **"Pre-Petition Collateral."** The foregoing documents and all other documents or instruments evidencing or securing the Obligations are collectively referred to herein as the **"Loan Documents."**

    D. The Obligations are valid, binding, and enforceable against the debtor and its estate and the security interests and liens granted to Lender are duly perfected, legal, valid, binding, and enforceable first-priority liens and security interests on the Pre-Petition Collateral, not subject to claim, avoidance, defense, objection, action, counterclaim, setoff, recoupment, or subordination under the Bankruptcy Code or applicable non-bankruptcy law, except for the lien for pre-petition property taxes, and subject to paragraph 11 below as to challenge rights..

    E. Lender will not consent to the use of Cash Collateral without the Court's approval of the findings and protections provided in this Order

    F. Good cause has been shown for the entry of this Order, which is in the best interests of Debtor, the estate and its creditors.

    G. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The predicates for the relief sought herein are Bankruptcy Code sections 105, 361, 362, 363 and Bankruptcy Rules 4001(b) and (d). Venue of the Debtor's Chapter 11 case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

H. The Court acknowledges that the Debtor and Lender reserve all of their respective rights and objections. Based on the foregoing findings and stipulations,

IT IS ORDERED as follows:

1. As used in this Order, **"Cash Collateral"** means all cash on hand as of the Petition Date and all cash received by or due to the Debtor thereafter, including, without limitation, all rents derived from the Property.

2. Pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, the Debtor may spend Cash Collateral on the post-petition expenses relating to the Property that are shown on Exhibit "A" attached hereto. No budgeted line item shall be exceeded by more than 10 percent. In addition to those expenses, the Debtor may pay any other post-petition expense to which Lender has given its prior written consent, after entry of this Order. The Debtor shall use Cash Collateral only for the foregoing purposes. No payment shall be made, directly or indirectly, to any insiders of the Debtor, except for the 5 percent management fee to Savannah Outlet Shoppes Management Company, LLC set forth in the attached budget. The Debtors shall deposit in a segregated account at a bank in Savannah, Georgia, all Cash Collateral and shall not commingle Cash Collateral with any other funds.

3. As adequate protection for the Debtor's use of Cash Collateral pursuant to this Order, Lender shall have a replacement assignment, lien and security interest in all post-petition property of the same type as to which it held valid and perfected assignments, liens or security interests in Pre-Petition Collateral, including Cash Collateral; provided, however, that the security interest granted hereby shall not extend to any recoveries resulting from avoidance actions brought pursuant to the Bankruptcy Code

4

or from settlements of potential avoiding power claims asserted on behalf of the estate. Said replacement assignment, lien and security interest is fully perfected, and no additional steps need be taken by Lender for perfection .

4. The Debtor's authorization to use Cash Collateral shall terminate upon the earlier of: (i) 90 days following entry of this Order; or (ii) the occurrence of an Event of Default (as defined below).

5. In addition to the liens and security interests granted to Lender hereunder, to the extent that there is a post-petition diminution in value of the Pre-Petition Collateral or Cash Collateral, Lender shall have an administrative priority claim pursuant to section 507(b) of the Code, which shall have priority over all other costs and expenses of administration of the kinds specified in section 507(a)(2)of the Code, and shall at all times be senior to the rights of the Debtor or any successor trustee in this or in any subsequent proceeding in this Case or under the Code.

6. As additional adequate protection to Lender with respect to its liens and secured interests as to the Pre-Petition Collateral, immediately upon entry of this Order, Debtor will pay Lender all cash on hand after payment of authorized expenses in accordance with the budget, plus the required escrow amounts for taxes and insurance, minus a reserve of 5 percent. Debtor shall make the same payment by no later than the 10th day of each successive month. Payments shall be applied by Lender in accordance with the Loan Documents.

7. Each of the following events shall constitute an Event of Default hereunder:

(a) Debtor's failure to make any payment to the Lender required by this Order within the time periods provided under this Order, time being of the essence.

(b) If any financial statement hereafter delivered to Lender by the Debtor shall prove materially false or materially misleading.

(c) If a final order is entered dismissing this Case, converting the Case to a case under Chapter 7 of the Code, appointing a trustee, whether under Chapter 11 or Chapter 7, appointing an examiner to perform any duties of a trustee or debtor other than those set forth in section 1106(a)(3) or (4) of the Code, or terminating the authority of the Debtor to conduct business.

(d) If the Debtor materially violates: any provision of this Order, any other order of this Court, or the reporting requirements of the United States Trustee, or the Loan Documents as modified herein.

(e) If any material adverse change in the business or financial condition of the Debtor shall occur.

8. Debtor is authorized and directed to perform all acts, and execute and comply with the terms of such other documents, instruments and agreements which Lender may reasonably require and/or which may otherwise be deemed necessary by Lender to effectuate the terms and conditions of this Order.

9. Notwithstanding the dismissal or conversion of this Case, the termination or modification of this Order, all of the liens, priorities, rights, benefits and adequate protection afforded Lender in this Order shall continue, and such liens shall maintain their priority as provided by this Order.

10. Nothing contained herein shall be deemed to be a waiver or modification of any claim or right Lender may have against any third parties, including any Guarantor or other party obligated under the Loan Documents, which claims and rights are expressly reserved.

11. Any party in interest (other than the Debtor), must commence any adversary proceeding or contested matter challenging the validity, enforceability, or priority of the Obligations or, to the extent they secure the Obligations, Lender's security interests and liens in and upon the Pre-Petition Collateral, on or before 60 days after the date of entry of this Order, or any such challenge is time-barred. Debtor must commence such proceeding or contested matter within 14 days of its counsel's receipt of the Loan Documents from Lender's counsel, or any such challenge is time-barred.

12. The Debtor shall promptly inform Lender of any change in its rent roll for the Property and shall provide Lender with reasonable access to the Property and to its books and records upon request.

13. Within three business days of the entry of this Order, the Debtor shall serve a copy of this order on the United States Trustee, all creditors holding secured claims, all parties requesting notice and the creditors upon the List of Creditors Holding 20 Largest Unsecured Claims. Interested parties shall have 14 days after service to file an objection. Upon the filing of a timely objection, a hearing shall be scheduled by the Court.

14. If no objection is filed, this order will become a final order without a further hearing. Until this order becomes final, the Debtor shall limit its use of cash collateral to amounts needed to avoid immediate and irreparable harm to the estate

This 16th day of November, 2010.

                                              LAMAR W. DAVIS, JR
                                              CHIEF JUDGE
                                              UNITED STATES BANKRUPTCY COURT

Prepared by and Consented to:

/s/ Thomas M. Byrne
Thomas M. Byrne (GSB # 101350)
SUTHERLAND ASBILL &
  BRENNAN LLP
999 Peachtree Street, NE
Atlanta, Georgia 30309-3996
Phone: 404.853.8026
Fax:   404.853.8806
tom.byrne@sutherland.com

/s/ Kathleen Horne
Kathleen Horne (GSB # 367456)
INGLESBY FALLIGANT, HORNE,
COURINGTON, & CHISHOLM
17 West McDonough Street
Savannah, Georgia 31401
Phone: 912.232.7000
khorne@ifhlaw.com
*Attorneys for Comm 2006-C8 Gateway
Boulevard Limited Partnership*

/s/ Karen Fagin White
Karen Fagin White (GSB # 754450)
COHEN POLLOCK MERLIN &
  SMALL, P.C.
3350 Riverwood Parkway
Suite 1600
Atlanta, Georgia 30339
kfwhite@cpmas.com

/s/ Mark Bulovic
Mark Bulovic (GSB # 094525)
Bulovic Law Firm, LLC
1020 Bryan Woods Loop, Suite 5
Savannah, Georgia 31410
bulovic@comcast.net

*Attorneys for Debtor*

CONSENTED TO:

SAVANNAH OUTLET SHOPPES
MANAGEMENT COMPANY, LLC
    Managing Member of Debtor

By: _____
    Guiseppe Fusco
    Individually and as Managing Member
     of Savannah Outlet Shoppes
     Management Company, LLC

EXHIBIT A

## 90 Day budget

|  | Nov-15-2010 | Dec-10 | Jan-11 | Feb-15-2011 |  |
|---|---|---|---|---|---|
| Contracted Payroll | 2750 | 8000 | 5500 | 2750 | 19000.00 |
| Property Taxes | 6180.63 | 12361.26 | 12361.26 | 6180.63 | 37083.78 |
| Utilities | 2250 | 5500 | 2636.88 | 2000 | 12386.88 |
| Office Expense | 150 | 350 | 250 | 125 | 875.00 |
| Repairs & Maintenance | 6250 | 9307.23 | 9307.23 | 6000 | 30864.46 |
| Accounting | 500 | 1000 | 1000 | 500 | 3000.00 |
| Insurance | 1517.92 | 3035.83 | 3035.83 | 1517.92 | 9107.50 |
| Advertising | 10505.79 | 16111.58 | 9145.83 | 5607.48 | 41370.68 |
| Management Fee 5% ** | 5949.6 | 5949.6 | 5949.6 | 5949.6 | 23798.40 |
| US Trustee | 812.5 | 1625 | 1625 | 812.5 | 4875.00 |
| Reserves 5% ** | 5949.6 | 5949.6 | 5949.6 | 5949.6 | 23798.40 |
| Total Month Expense |  | 42816.04 | 69190.10 | 56761.23 | 37392.73 | 206160.10 |

**Subject to change upon confirmation of income received