UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| IN RE:<br><br>SAVANNAH OUTLET SHOPPES, LLC,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 10-42135 |

### MOTION FOR AUTHORITY TO COMPROMISE AND SETTLE PREFERENCE AND OTHER CLAIMS AGAINST ROBERT E. KNUDSEN

**NOW COMES** SAVANNAH OUTLET SHOPPES, LLC, Debtor-in-Possession ("Debtor") in the above-captioned case, and files this Motion for Authority to Compromise and Settle Preference and Other Claims against Robert E. Knudsen (the "Motion"). In support of the Motion, Debtor shows the Court as follows:

### Jurisdiction

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case is proper pursuant to 28 U.S.C. § 1408.

### Background

1.

Debtor filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code on October 4, 2010 (the "Petition Date"). Debtor is operating its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2.

Debtor is a Georgia limited liability company with its principal place of business located at 11 Gateway Boulevard South, Savannah, Georgia 31419.

3.

Debtor owns and operates a business related to the management and leasing of a commercial shopping center located in Savannah, Georgia.

4.

Within ninety (90) days of the Petition Date, Debtor transferred a total of $141,325.50 (the "Payments") to its corporate attorney, Robert E. Knudsen ("Knudsen") pursuant to certain Attorney Client Fee Contracts (the "Agreements") entered between Debtor and Knudsen.

5.

One of the Agreements, dated August 9, 2010, provides, *inter alia*, that of $90,000.00 being remitted by Debtor in conjunction with the Agreement, $25,000.00 was deemed non-refundable and earned upon receipt, regardless of the extent of services rendered thereafter.

6.

Pursuant to another of the Agreements, dated January 5, 2009, Debtor remitted $50,000.00 to Knudsen, constituting a minimum payment due under the Agreement for retention of Knudsen's services related to attempted modification of existing secured loans.

7.

Knudsen has supplied Debtor's bankruptcy counsel with certain time records reflecting services in excess of 39 hours for which Knudsen provided an invoice for $10,469.25, plus out-of-pocket expenses totaling $1805.00.

8.

Subsequent to the Petition Date, Debtor's bankruptcy counsel made demand upon Knudsen, seeking recovery of the Payments as preferential transfers pursuant to 11 U.S.C. §547 and/or fraudulent conveyances pursuant to 11 U.S.C. § 544 and/or § 548.

9.

Knudsen has informally asserted multiple defenses regarding the Payments.

10.

Debtor's counsel have evaluated the strengths and weaknesses of the defenses and have made their best efforts to estimate the Estate's likely recovery should litigation be initiated. Debtor seeks to avoid the expenses and uncertainty associated with litigating such claims.

11.

Debtor's counsel have shared their analysis with counsel for Debtor's senior secured lender, Comm 2006-C8 Gateway Boulevard Limited Partnership, and have been advised that the lender supports the proposed settlement with Knudsen.

**PROPOSED SETTLEMENT**

12.

The terms of the proposed compromise and settlement between Debtor and Knudsen, which will be implemented upon the entry of a Final Order approving the agreement of the parties, are as follow:

> Knudsen shall pay and Debtor proposes to accept $123,825.50 (the "Settlement Amount") in full satisfaction of all claims of Debtor and its Estate against Knudsen, including but not

limited to all claims arising under 11U.S.C. §§ 544, 547 and 548, and Knudsen shall retain $17,500.00 of the remittances received from Debtor within ninety (90) days of the Petition Date.

## LEGAL AUTHORITY

13.

Federal Rule of Bankruptcy Procedure 9019 provides that the Court may approve a compromise and settlement after notice and hearing.  The approval or rejection of a compromise and settlement is left to the sound discretion of the Bankruptcy Court and is governed by the particular circumstances of each case.  In re Blue Coal Corp., 47 B.R. 758 (Bankr. M.D. Pa. 1985); In re Tidewater Group, Inc., 13 B.R. 764, 765 (Bankr. N.D. Ga. 1981).  In exercising its discretion, a Bankruptcy Court should give due regard to what is right and equitable under particular circumstances and under applicable law.  Courts have relied on a number of factors in determining whether to approve a compromise and settlement under Federal Rule of Bankruptcy Procedure 9019.  These factors include the following: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; © the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interests of the creditors and the proper deference to their reasonable views.  In re Justice Oaks, II, Ltd., 898 F.2d 1544 (11th Cir. 1990).  In evaluating any settlement, the court must consider that the "law favors compromise."  Port O-Call Investment Co. V. Blair (In re Blair), 538 F.2d 849, 851 (9th Cir. 1976).

14.

The proposed compromise and settlement with Knudsen meets the above-stated standards for the Court's approval, as outlined below:

a)   <u>The probability of success in the litigation</u>: Debtor would have a high probability of success in establishing the prima facie elements of its claims against Knudsen, but the amount Debtor would be entitled to recover is uncertain.  The amount sought by Debtor would be limited by the defenses raised by Knudsen.  Debtor has carefully evaluated Knudsen's defenses and the proposed settlement accurately and reasonably reflects Debtor's likely recovery.  Finally, there will be certain costs to any litigation and the potential unavailability of witnesses and documents necessary to respond to Knudsen's defenses which favor settlement.

b)   <u>The difficulties, if any, to be encountered in collection</u>: Knudsen is a sole practitioner who practices law in California.  The possibility of being unable to easily recover on a judgment, the additional expenses of collecting the judgment and the potential delay in collection lead to the conclusion that this factor favors settlement.

c)   <u>The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it</u>: The litigation of the Debtor's claims against Knudsen would be fact intensive and would also involve the enforceability of pre-Petition contracts wherein Debtor agreed to the payment of legal fees on bases other than pure hourly rates for services rendered.  This factor favors settlement.

  d) <u>The paramount interest of the creditors and a proper deference to their reasonable views</u>: The settlement of this claim will provide Debtor's estate with funds now, while simultaneously avoiding unnecessary administrative expenses of the Estate. Accordingly, this factor favors settlement.

**WHEREFORE**, Debtor respectfully requests that the Court grant this Motion and approve the proposed compromise and settlement as set forth above, and grant such other and further relief as may be just and proper.

This 15th day of February, 2011.

            By: <u>/s/ Karen Fagin White</u>
              Karen Fagin White
              Georgia Bar No. 754450
              Brent W. Herrin
              Georgia Bar. No. 614753
              Mark Bulovic
              Georgia Bar No. 094525

**COHEN POLLOCK MERLIN & SMALL, P.C.**
Co-Counsel to Debtor
3350 Riverwood Parkway
Suite 1600
Atlanta, GA 30339
(770) 858-1288
Fax: (770) 858-1277
kfwhite@cpmas.com
bwherrin@cpmas.com

**BULOVIC LAW FIRM, LLC**
Co-Counsel to Debtor
1020 Bryan Woods Loop, Suite 5
Savannah, Georgia 31410
(912) 898-5661
Fax: (912) 898-5651
bulovic@comcast.net
643503wp