IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| SAVANNAH OUTLET SHOPPES, LLC, ) | |
| ) | Case No. 10-42135-LWD |
| Debtor. ) | |
| ) | |
| _____) | |

## MOTION TO DISMISS

Comm 2006-C8 Gateway Boulevard Limited Partnership ("Movant") hereby moves to dismiss this bankruptcy case, pursuant to section 1112(b) of the Bankruptcy Code, on the following grounds:

### A. Background

1. Movant is the Debtor's senior secured creditor, and holds a first priority perfected security interest in and to, *inter alia,* the Debtor's real property, a commercial shopping center located in Savannah (the "Property"), and the proceeds related thereto, including rents. (Final Order Authorizing Use of Cash Collateral (the "Cash Collateral Order"), Dkt. 66, Stipulations A-D.)

2. The pre-petition principal balance due on Movant's secured claim was $9,506,416.27, plus accrued interest charges and expenses. There is a junior secured claim in the principal amount of $600,000. (*Id.*, Stipulation C.)

3. Movant advertised the Property for foreclosure sale under power scheduled for October 5, 2010.

4.     On October 4, 2010, the Debtor filed a petition under Chapter 11 of the Bankruptcy Code, staying the foreclosure sale.

5.     Since that time, the Debtor has remained in possession of its assets and has continued to operate and manage its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.     The Debtor's use of the rents and income generated by the Property has been governed by the Cash Collateral Order, as extended.

7.     No committee of unsecured creditors has been appointed in this case, and the United States Trustee has filed a Statement Concerning Inability to Appoint Committee of Unsecured Creditors.  (Dkt. 37).

8.     The exclusive period within which only the Debtor may file a plan of reorganization expired on February 1, 2011.

9.     No plan of reorganization has been filed.

10.    The bar date for claims was January 31, 2011.  Only two trade creditors have filed claims:  AT&T, for $154.84 and Lamar Companies, for $8060.00.

11.    Real estate taxes have been escrowed and are current.

### B.  Grounds for Relief Requested

Section 1112(b) of the Bankruptcy Code, as amended through 2010, provides in pertinent part:

> (b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment

>under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
>
>(2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that –
>
>(A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
>(B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A) –
>
>(i) for which there exists a reasonable justification for the act or omission; and
>
>(ii) that will be cured within a reasonable period of time fixed by the court.

See *Canpartners Realty Holding Co. IV, L.L.C. v. Vallambrosa Holdings, L.L.C. (In re Vallambrosa Holdings, L.L.C.)*, 419 B.R. 92, 100-01 (Bankr. S.D. Ga. 2009).

As the foregoing background demonstrates, the Debtor cannot meet this burden to avoid dismissal. A "reasonable period of time" has already passed for the Debtor to file a plan of reorganization. The Debtor's exclusive period to file a plan expired months ago. Almost 8 months has passed since the case was filed. No plan has been filed. The Debtor lacks the financial resources to propose a confirmable plan under applicable law.

There would be no purpose served by conversion of the case to Chapter 7, rather than dismissal. There are no assets of consequence to be administered for unsecured creditors. Only two trade creditors have filed claims. No committee of unsecured creditors could be formed,

evidently due to lack of interest.  No other creditors have filed any motions in the case.  On information and belief, payments to post-petition trade creditors are current.  Movant holds perfected security interests in all of the Debtor's property.  This case is basically a breach of contract matter between the Movant and the Debtor.  The Debtor has had ample time to attempt reorganization but has been unsuccessful.

WHEREFORE Movant therefore requests that this case be dismissed, effective as of the first date when Movant can conduct a sale under power under Georgia law.  Until the effective date of dismissal, Movant requests that the Court leave in place the existing cash collateral order, so that Movant's security interests in the rents and income generated by the Property are protected from dissipation, and post-petition trade creditors are paid in the ordinary course of business.

| | |
|---|---|
| */s/ Thomas M. Byrne* | */s/ Kathleen Horne* |
| Thomas M. Byrne (GSB # 101350) | Kathleen Horne (GSB # 367450) |
| SUTHERLAND ASBILL & | INGLESBY FALLIGANT, HORNE, |
|   BRENNAN LLP |   COURINGTON, & CHISHOLM, P.C. |
| 999 Peachtree Street, NE | 17 West McDonough Street |
| Atlanta, Georgia  30309-3996 | Savannah, Georgia  31402 |
| 404.853.8026 (T) | 912.232.7000 (T) |
| 404.853.8806  (F) | 912-238-0286 (F) |
| tom.byrne@sutherland.com | khorne@ifhlaw.com |

*Attorneys for Comm 2006-C8 Gateway*
*Boulevard Limited Partnership*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **Motion to Dismiss** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

> Karen Fagin White
> Cohen Pollock Merlin & Small, P.C.
> 3350 Riverwood Parkway
> Suite 1600
> Atlanta, Georgia  30339
> kfwhite@cpmas.com
>
> Mark Bulovic
> Bulovic Law Firm, LLC
> 1020 Bryan Woods Loop, Suite 5
> Savannah, Georgia  31410
> mark@buloviclaw.com
>
> Office of the United States Trustee
> 222 West Oglethorpe Avenue
> Room 302
> Savannah, Georgia  31401
> ustp.region21@usdoj.gov

This 23rd day of May, 2011.

> */s/ Thomas M. Byrne*
> Thomas M. Byrne